UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHARHONDA SHAHID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4: 16 CV 1662 CDP |
| | ) | |
| U.S. BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed case is before me on defendants' motions for summary judgment. Defendants argue that plaintiff filed her case one day too late and that it is therefore barred by the statute of limitations. Plaintiff opposes summary judgment and insists that she timely filed her case using the state court's electronic filing system. There are no undisputed facts relating to this issue. Because plaintiff timely filed her case in state court, defendants' motions for summary judgment will be denied.

<u>Standards Governing Summary Judgment</u>

The standards for summary judgment are well settled. In ruling on summary judgment, the Court views the facts and inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to

establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but must set forth by affidavit or other evidence specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *ASi Industries GmbH v. MEMC Electronic Materials, Inc.*, 2008 WL 413819, *1 (E.D. Mo. Feb. 13, 2008).

## Undisputed Facts

Plaintiff filed her petition electronically in the Circuit Court for St. Louis County on the evening of September 22, 2016. The state court's electronic filing system received the pleading and emailed a confirmation to plaintiff's counsel confirming receipt of the pleading on September 22, 2016. That email states that plaintiff "will receive notice from the court when the filing is either accepted, on hold or returned with the reason for the hold or return." Early in the morning of September 23, 2016, plaintiff used the e-filing system to "recall" the pleading and change her waiver of a jury trial to a jury demand. Plaintiff electronically resubmitted her petition five minutes later, and the state court's e-filing system

again emailed plaintiff's counsel to confirm that the pleading was received. This time, however, the email states that the pleading was received on September 23, 2016.

For purposes of summary judgment, the parties agree that Missouri's five-year statute of limitations applies to plaintiff's claims and that the limitations period ran on September 22, 2016.[1] To make sure that her case was deemed filed on September 22, 2016 (and therefore, within the limitations period), on September 23, 2016, plaintiff filed a "Motion for Order Reflecting Original Date of Filing" with the state court. The motion set out the following facts: the "claims are in the nature of personal injury and the corresponding statute of limitations period is five (5) years ending on September 22, 2016;" plaintiff originally filed her petition and paid the filing fee on September 22, 2016, and received an email confirmation of that fact reflecting a received date of September 22, 2016; plaintiff subsequently recalled and then resubmitted the petition on September 23, 2016, to request a jury trial; and, the filing date reflected on the recalled and resubmitted petition was September 23, 2016, not September 22, 2016. Therefore, plaintiff asked the state court for an "order reflecting the date of the filing of the petition requesting a jury

---

[1] Defendant East makes the alternative argument, without any discussion in her summary judgment motion, that Count IV (Deprivation of Contractual Rights as Enjoyed by White Citizens) asserted against her is subject to a four-year statute of limitations. She refers the Court to her motion to dismiss for a discussion of this issue. Because this argument is raised and briefed in East's motion to dismiss, the Court will address it when ruling on the motion to dismiss. Therefore, this Memorandum and Order does not decide whether Count IV of plaintiff's petition should be dismissed as barred by a four-year statute of limitations.

trial as September 22, 2016 . . . ." That motion was granted by the state court on September 23, 2016.

Because plaintiff's petition includes claims brought under 42 U.S.C. § 1983, defendants removed the case to this court on October 25, 2016, citing federal question jurisdiction. Defendants now move for summary judgment on the ground that all of plaintiff's remaining claims[2] are barred by the governing five-year statute of limitations.

## Discussion

Missouri Rule of Civil Procedure 53.01 provides that a civil action is commenced "by filing a petition with the court." To decide whether plaintiff timely commenced her civil action within the limitations period, I must decide whether plaintiff "filed" her case on September 22 or September 23, 2016. Missouri Rule of Civil Procedure 103 sets out the procedures for electronically filing documents in Missouri state courts. Rule 103.06(e) provides that "[a] document is submitted for filing when the electronic filing system receives the document and sends a confirmation receipt to the filer." Rule 103.06(f) states that "[i]f the clerk accepts a document for filing, the date and time of filing entered into

---

[2] Plaintiff's claims against two defendants (U.S. Bank and U.S. Bancorp) were dismissed by my Order dated November 22, 2016. [19]. Plaintiff's claims against unknown defendant police dispatcher, unknown defendant jailer, and unknown defendant prosecuting attorney were dismissed for failure to obtain timely service by my Order dated February 17, 2017. [28].

4

the case management system shall be the date and time the electronic filing system received the document."

Here, there is no dispute that plaintiff submitted her petition and received a confirmation email from the state court's e-filing system on September 22, 2016. However, defendants argue that by recalling her petition filed on September 22, 2016, it was never "accepted for filing" by the court clerk as required by Rule 103.06(f). According to defendants, the petition which was resubmitted on September 23, 2016, and included a jury demand, was the only document that was ever "accepted for filing" by the court clerk. As it bears a filing date of September 23, 2016, and a different e-filing confirmation number from the one generated on September 22, 2016, defendants argue that the petition was filed on September 23, 2016, one day outside the limitations period.

Rule 103.06 does not address "recalled" pleadings, and defendants have not provided the Court with any cases discussing them, either. A section entitled "Frequently Asked Questions" on the state court's electronic filing system explains that counsel may resubmit a recalled pleading within 30 days after filing. The website does not, however, address the significance of "recalling" or "resubmitting" a pleading or the operative filing date of the resubmitted pleading. In connection with the summary judgment motion, plaintiff deposed the state's deputy clerk responsible for coordinating e-filing within the St. Louis County

Courts. The deputy clerk, who was familiar with this case, explained that when the St. Louis County Circuit Court is faced with this type of situation – ie., when a pleading is filed on the last day of the limitations period and recalled the next day by the attorney – it is the court's procedure to direct the attorney to file a motion asking the court to deem the pleading filed within the limitations period. The deputy clerk testified that this procedure was followed in this case and the state court deemed the case filed on September 22, 2016. [50].

Both sides rely on *State ex rel. Isselhard v. Dolan*, 465 S.W.3d 496 (Mo. Ct. App. 2015), to support their respective positions. In *Dolan*, plaintiff used the state court's e-filing system to file her petition on January 13, 2015, the last day of the limitations period. *Id.* at 497. The e-filing system confirmed that the pleading was submitted for filing on that day, but two days later the petition was returned to plaintiff because all the parties were not added into the electronic filing system prior to submission. *Id.* Plaintiff then resubmitted the same petition along with the requested party information on January 15, 2015. *Id.* The petition on file contained an electronic filing stamp of January 15, 2015. *Id.* After the defendant moved to dismiss the petition as barred by the statute of limitations, the state circuit court denied the motion and deemed the petition timely filed on January 13, 2015. *Id.* at 498.

Defendant then sought a writ of mandamus from the Missouri Court of Appeals directing the state court judge to enter an order accepting January 15, 2015, as the filing date and dismissing the petition as untimely filed. *Dolan*, 465 S.W.3d at 498. The Court of Appealsw denied the writ and concluded that the petition was, in fact, filed on January 13, 2015. *Id.* The appellate court found that the petition was in proper form when it was submitted and the court clerk was not authorized to reject the filing for a technical deficiency such as entering the party name correctly in the e-filing system. *Id.* at 499. The court held as follows:

> A pleading is deemed filed when it is received by the clerk of a circuit court. In electronic filing, the circuit clerk does not actually receive the filing in the same way it receives a paper pleading. Instead, the clerk receives an electronic document when the filing is received by the electronic filing system. Rule 103.06(e). The petition was received by the electronic filing system on January 13, 2015. The petition should have been accepted as of that date. Had the petition been accepted as required, the electronic filing system would have created an electronic filing stamp of January 13, 2015 . . . . One of the advantages of the electronic filing system is that it creates and maintains a clear record of the documents as they are submitted, even if not accepted. It is not questioned that the petition at issue in the lawsuit was submitted and received through the electronic filing system on January 13, 2015. Given the facts before us . . . the trial court properly exercised its discretion when ordering the record to reflect that plaintiff's petition was filed on January 13, 2015.

*Id.* at 499.

Applying *Dolan*, I must deny summary judgment on this issue. As in *Dolan*, here plaintiff electronically filed her petition on the last day of the limitations period and received an e-mail confirmation from the e-filing system on September

7

22, 2016. Under the reasoning in *Dolan*, the case was timely filed as of that date because "[a] pleading is deemed filed when it is received by the clerk" and "the clerk receives an electronic document when the filing is received by the electronic filing system." 465 S.W.3d at 499. This ruling is supported by the plain language of Rule 103.06. Defendants do not dispute that the petition was in proper form when submitted on that date. Accordingly, the petition "should have been accepted as of that date." *Id.* Although defendants attempt to distinguish plaintiff's action in this case by pointing out the voluntary nature of plaintiff's recalling the petition, the court's holding in *Dolan* makes no such distinction.

Moreover, as in *Dolan*, the state court deemed plaintiff's petition filed on September 22, 2016. Defendants complain that the state court cannot make such a determination because to do so would be to impermissibly toll the statute of limitations. Defendants mischaracterize the state court's action. While the court may not have been empowered to toll the statute of limitations, it certainly could (as it did in *Dolan*) properly determine the filing date of a document filed by a party using its electronic case filing system. That the effect of that determination may be to render a plaintiff's petition filed within the limitations period does not mean that the state court impermissibly tolled the statute of limitations. *See Dolan*, 465 S.W.3d at 499 (trial court properly exercised its discretion when ordering the record to reflect a filing date within limitations period).

Defendants could have challenged the state court's determination in state court by seeking a writ of mandamus as the defendant did in *Dolan*. Instead, they chose to remove the case to this Court. They should not be heard to complain, then, when I decline to disturb the state court's determination as to the filing date of a document submitted to it under its e-filing system, particularly in light of *Dolan* and the absence of any contrary authority. Because this case was filed within the limitations period, I will deny defendants' motions for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for summary judgment [29, 35] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of July, 2017.