UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHARHONDA SHAHID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16 CV 1662 CDP |
| ) | |
| U.S. BANK, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Defendant Kathryn East moves to dismiss plaintiff's complaint for failure to state claims against her under Rule 12 of the Federal Rule of Civil Procedure. On September 22, 2011, plaintiff attempted to cash a money order made payable to her law practice in the drive-through teller window at U.S. Bank. Defendant East was the teller. East told plaintiff she could not cash the money order because it was made payable to her business, not her. Plaintiff demanded to speak to East's manager. East refused and called the police. Plaintiff alleges the police arrived and then beat and unlawfully arrested her. Plaintiff was charged with trespassing but the charges were later dropped. Plaintiff asserts state law claims against East for negligence, malicious trespass, tortious interference with a contract or expectancy, and a § 1981 claim for deprivation of contractual rights as enjoyed by

white citizens. East now moves for dismissal of all claims brought against her under Fed.R.Civ.P. 12.

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

In Count I, plaintiff asserts a claim of negligence against East. "Under Missouri law, employees may be personally liable to a third party under certain circumstances." *Stevens v. Wal-Mart Stores, Inc.*, 2013 WL 5670932, at *2 (W.D. Mo. Oct. 17, 2013) (citing *Hutchen v. Wal–Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008)). "One situation in which an employee can be personally liable is where an employee 'breaches some duty which he owes to a third person.'" *Id.* (quoting *State ex rel. Kyger v. Koeher*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992)). Under this scenario, the test is "whether [the employee] has

breached his legal duty or been negligent with respect to something over which he did have control." *Koeher*, 831 S.W.2d at 956. Whether an individual owes a duty to another depends on whether the defendant "should have foreseen a risk in a given set of circumstances." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000). The Missouri Supreme Court has further defined foreseeability as "the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." *Id.*

Plaintiff alleges that East called the police and "fabricate[] a deliberate falsehood that plaintiff – who clearly had her own operational phone in her vehicle – requested that [East] call the police on Plaintiff's behalf" or that "alternatively, [East] . . . advised [defendant police officers] that Plaintiff was armed or otherwise engaged in the commission of a felony offense." [Doc. # 7 at 5]. In Count I, plaintiff alleges that East "had a duty not to recklessly give false or misleading information to police about Bank customers" and that East breached that duty by failing to summon her manager and instead contacting the police to report that plaintiff refused to leave the bank. Plaintiff claims that it was foreseeable that "police would respond to a 911 call from a bank as if the subject of the call 'who would not leave' posed an imminent threat of serious physical harm or injury" and that as a direct result of East's actions, plaintiff was injured. [Doc. #7 at 9].

In her motion to dismiss, East states that "plaintiff is in the possession of the 911 recording and dispatch recordings, thus Plaintiff knows that neither East [nor the unnamed defendant Dispatcher who was dismissed from this case on February 17, 2017 for failure to obtain timely service] advised the responding officers that Plaintiff was armed or dangerous or engaged in the commission of a felony offense. This allegation is borderline sanctionable under Fed. R. Civ. P. 11." [Doc. # 41 at 5].

Whether defendant East called the police to report that plaintiff would not leave the bank and wanted the police called (which cannot support a negligence claim against her under Missouri law) or whether she instead reported that plaintiff "was armed or otherwise engaged in the commission of a felony offense" (which may be sufficient to state a negligence claim under Missouri law) is a fact critical to this case and the resolution of the instant motion. The Court is concerned by defendant's suggestion that the recordings are in the possession of plaintiff and conclusively refute this allegation, which was not made "upon information and belief." Accordingly, the Court will order plaintiff to provide a copy of the 911 and dispatch recordings for inspection by the Court no later than August 23, 2017. If a written transcript of the recordings is available, it shall also be provided to the Court by the same date. After the Court has the opportunity to review the recordings, it will decide how to resolve the instant motion and whether a hearing

4

or additional action may be required.  Should plaintiff reach a settlement or choose to dismiss her claims against defendant East prior to August 23, 2017, she need not comply with this Order, although she must advise the Court of settlement or dismiss her claims against East by the same date.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **August 23, 2017**, plaintiff shall deliver to my chambers a copy of the 911 and dispatch recordings described above.  If a written transcript of the recordings is available, it shall also be provided to the Court by the same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2017.