UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHARHONDA SHAHID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1662 CDP |
| | ) | |
| U.S. BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

On August 18, 2017, I ordered plaintiff to produce copies of the 911 and dispatch recordings of the incident at issue in the complaint. I have now reviewed those tapes. Although plaintiff alleges in her complaint that defendant East called the police and "advised [defendant police officers] that Plaintiff was armed or otherwise engaged in the commission of a felony offense," [Doc. # 7 at 5], the recordings demonstrate that no such statement was made by East or the dispatcher. This allegation has not been retracted despite ample opportunity to do so.

It appears that plaintiff (who is an attorney) and/or her attorney Rufus J. Tate, Jr. have made a factual contention which is refuted by evidence in their possession. Rule 11(b)(3) of the Federal Rules of Civil Procedure states that, by presenting an allegation in the pleading, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." It appears that plaintiff and/or her counsel may have violated this Rule by making and/or refusing to withdraw an allegation that appears to have no evidentiary support. The Court is considering imposition of sanctions for this allegation under Fed. R. Civ. P. 11(c)(3), which may include monetary fines against plaintiff and/or her attorney and/or the dismissal of plaintiff's claims against defendant East. I will provide plaintiff and her counsel with an opportunity to show cause why no sanctions should issue. *See* Fed. R. Civ. P. 11(c)(1). However, if plaintiff chooses to dismiss her claims against defendant East with prejudice prior to **September 18, 2017**, and moves to strike this allegation from the complaint, she need not comply with this Memorandum and Order; otherwise she must comply with the Order by that same date.

Finally, given plaintiff's failure to timely comply with my February 9, 2017 Order Referring Case to Alternative Dispute Resolution, despite repeated reminders by the Clerk of Court, I will vacate the mediation referral as it is apparent that no mediation will take place within the time limits set by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **September 18, 2017**, plaintiff shall show cause in writing why the Court should not enter sanctions, which may include monetary fines and/or the dismissal of some or all of plaintiff's claims against defendant East, against her and/or her attorney for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure by pleading that defendant East called the police and "advised [defendant police officers] that Plaintiff was armed or otherwise engaged in the commission of a felony offense," despite being in possession of the 911 and dispatch recordings which refute this allegation. No extensions of time will be granted. However, if plaintiff moves for a dismissal with prejudice of her claims against defendant East and to strike this allegation from the complaint by **September 18, 2017**, she need not comply with this Memorandum and Order to Show Cause.

**IT IS FURTHER ORDERED** that the February 9, 2017 Order Referring Case to Alternative Dispute Resolution [24] is vacated, and this case is no longer referred to mediation.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2017.